M. B. HIXON, COUNTY SUPERINTENDENT OF ISANTI
COUNTY AND OTHERS, APPELLANTS.[1]
IN  RE  PROCEEDINGS  TO  CONSOLIDATE  CERTAIN
SCHOOL  DISTRICTS  AND  PARTS  OF  SCHOOL
DISTRICTS WITH SCHOOL DISTRICT No.
56 OF ISANTI COUNTY.

February 10, 1922.

No. 22,707.

**Consolidation of school districts—act of 1917.**
    1. Chapter 387 of the Laws of 1917 provides that before a consolidated school district which includes parts of existing districts can be formed, the petition for including a part of a district must be approved by the school board of that district.

**New petitions to be approved in same manner as original petition.**
    2. Where a proposition to form such a consolidated district has been defeated at the election, if new petitions are thereafter filed for another election, such petitions must also be approved by the school boards of the districts a part of which are to be included in the proposed district.

From the action of the county superintendent of schools of Isanti county, the state superintendent of education, and the board of education of district No. 36, consolidating certain school districts, A. C. Anderson and others appealed to the district court for Isanti county. The appeal was heard upon stipulated facts by Giddings, J., who annulled the consolidation proceedings. From an order denying her motion for a new trial, the county superintendent and Common School District No. 56 appealed. Affirmed.

    G. G. Goodwin and Alfred P. Stolberg, for appellants.
    C. A. & V. C. Pidgeon and P. S. Olsen, for respondents.

TAYLOR, C.
Proceedings were instituted under chapter 238, p. 336, of the Laws of 1915, and the laws supplementary thereto and amendatory there-

[1]Reported in 186 N. W. 802.

of, for the purpose of consolidating certain school districts and parts of districts in the counties of Isanti, Kanabec and Chisago, and resulted in an order of the superintendent of schools of Isanti county consolidating the same into a district to be known as Joint Independent School District No. 56, Consolidated, of Isanti and Kanabec counties. An appeal was taken to the district court which made an order annulling the proceedings on the ground that the jurisdictional prerequisites had not been complied with. An appeal from an order denying a new trial brings the matter before this court.

Acting under section 1 of chapter 238, p. 336, of the Laws of 1915, the county superintendent prepared a plat of the proposed consolidated district which was approved by the state superintendent December 20, 1919. Thereafter petitions were filed and an election called as provided in section 3 of the act of 1915 as amended by section 1 of chapter 470, p. 806, of the Laws of 1917. At this election, which was held January 24, 1920, the proposition to form a consolidated district was defeated. Shortly thereafter new petitions were filed with the county superintendent, who, acting thereunder, gave notice of another election to be held on February 17, 1920. At this election the proposition to form a consolidated district received a majority of the votes cast, and, on February 18, 1920, the county superintendent made the order in controversy establishing the consolidated district.

The proposed consolidated district includes three existing districts and parts of two other existing districts. Section 1 of chapter 387, p. 548, of the Laws of 1917, provides that parts of one or more districts may be included in and become a part of a consolidated district as provided in that act. Section 2 of that act provides that, before any steps are taken to include a part of a school district in a proposed consolidated district, the county superintendent shall, in addition to the general plat provided for, cause a special plat to be made of the portion of any district proposed to be so included, which special plat shall contain certain designated information; that these plats shall be submitted to the state superintendent for ap-

proval, modification or rejection, and that when the plan for such consolidation has been approved by him

"Each part of one or more districts thus included shall, for purposes of consolidation, be regarded as an entire district and be subject to the laws and procedure for consolidation of entire districts, provided a petition signed and acknowledged by at least one-third of the resident free-holders from each such part of a district is presented to the county superintendent of schools asking for the formation of said consolidation and provided further that said petition for including a part of a district is approved by the board of the school district affected."

No special plats were made in the present proceeding. The general plat approved by the state superintendent on December 20, 1919, was the only plat made or filed at any time; and after the proposal to consolidate had been defeated at the first election, the second election was held without again submitting the matter to the state superintendent. Whether these are jurisdictional defects, as asserted by respondents, or whether the general plat contains all the data required to be shown on the special plats and should be deemed sufficient, as asserted by appellants, and whether it was unnecessary to resubmit the plat to the state superintendent before the second election, as also asserted by them, are questions not necessary to determine in deciding this case, as the order annulling the proceedings must be sustained on another ground.

Where a part of an existing district is to be included in the consolidated district, the statutory provision above quoted requires that the petition therefor shall first be approved by the school board of the district. Here parts of two previously existing districts were to be included in the consolidated district. The chairman of one of these districts indorsed upon the plat a statement, signed by himself, that the plan for the division of the district outlined by the plat was recommended and agreed to by the school board of the district. The clerk of the other of these districts indorsed upon the plat a similar statement, signed by himself, in respect to that district. This is all there is to indicate any action by either school

board. These indorsements were made before the plat was submitted to the state superintendent and before any petition for the consolidation was in existence. For present purposes, we shall assume, without deciding, that the indorsements upon the plat were evidence that the respective school boards had taken the action therein stated, and that such action should be given effect as an approval of the petitions under which the first election was held. But the proposal to form a consolidated district was rejected at that election. Thereafter new petitions were made under which the election in controversy was held. The school boards took no action whatever upon these new petitions, and any action which they may have taken in contemplation of the first election cannot, by any permissible construction, be construed as an approval of the subsequent petitions for the second election. The legislature required, as a condition precedent to the right to hold an election, that the petition, not the plat, should be approved by the school board, and evidently did not intend that the school board of a district to be divided should approve the proposition in advance of a petition therefor and without the information afforded by the petition.

Order affirmed.